Granville B. TAYLOR, Jr., Appellant,

v.

FORD MOTOR COMPANY, and Local 980, UAW (United Automobile, Aerospace and Agriculture Implement Workers of America), Appellee.

No. 82–5211.

United States Court of Appeals,
Third Circuit.

Argued Nov. 18, 1982.

Decided March 30, 1983.

Stephen E. Klausner (argued), Klausner & Hunter, Somerville, N.J., for appellant.

John A. Fillion, Gen. Counsel, Jordan Rossen, M. Jay Whitman, Leonard R. Page, Marley Weiss, Associate Gen. Counsel, Alan V. Reuther, Nancy Schiffer (argued), Asst. Gen. Counsel, Detroit, Mich., for appellee.

Before GIBBONS, HIGGINBOTHAM and BECKER, Circuit Judges.

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

Granville Taylor, appeals from a judgment of the United States District Court for the District of New Jersey holding that a ninety-day statute of limitations for actions to confirm arbitration awards may bar a union member from suing a union for

failure to enforce an arbitration award within the statutorily allotted time. Taylor filed suit initially against Ford Motor Company (Ford), the employer, and Local 980 of the United Automobile, Aerospace and Agriculture Implement Workers of America, (Local 980), the collective bargaining agent, under § 301(a) of the Labor-Management Relations Act, 29 U.S.C. § 185. Ford's motion for summary judgment contended that Taylor's claims against the employer for failure to notify him of a vacancy while he was laid off were untimely under New Jersey Statutes Annotated (N.J.Stat.Ann.) 2A:24–7. The district court granted the motion and dismissed Ford from the case. Taylor proceeded with the lawsuit against the union for failure to confirm an arbitration award. The district court held that a ninety-day statute of limitations was applicable to Taylor's lawsuit against the union. We find that the appropriate limitations period for the confirmation of an arbitration award is the six-year period found in N.J.Stat.Ann. 2A:14–1. Taylor therefore has the right to confirm the arbitration award.

## I.

Ford Motor Company laid off the appellant from his position as a pumpman on March 11, 1969. The terms of the collective bargaining agreement provided that Ford and the union notify Taylor whenever a vacancy occurred in his classification. (Aa–16). A vacancy occurred in Taylor's classification in March 1973, and neither Ford nor Local 980 notified Taylor of the vacancy. Taylor was not recalled to work until May 1976. One month later, in June 1976, he filed a grievance against both Ford and Local 980 seeking back wages, insurance coverage, holiday and vacation pay, and pension credits from the time Ford filled

the vacancy in 1973 until Taylor's reinstatement in 1976. Pursuant to the collective bargaining agreement, Taylor submitted the matter to arbitration. On August 8, 1978, an umpire awarded Taylor "pension rights and benefits from May 29, 1973." The umpire denied Taylor's claim for back pay because the contract precluded backpay liability against the company. (Aa–50–1).

In September 1978, Taylor's attorney wrote to the union seeking clarification of the umpire's award. He sought an assurance from the union that it would serve as an advocate for Taylor with Ford in resolving the dispute. The letter specifically noted that:

[U]nder New Jersey law, the arbitration award must be confirmed within three months of the date of the delivery of the award, unless the parties extend the time in writing for such confirmation. This means that if the Union cannot get the Company to agree in writing to extend that time, it will be necessary for you to apply to Court for confirmation of that award before that three month period expires. (Aa–59).

The union's response to Taylor's request for clarification of the award came from two sources, the international representative of the union and a representative of Local 980. The response from the international representative of the UAW, a letter dated November 30, 1978, disclosed that the UAW/Ford Retirement Board had denied Taylor pension credits notwithstanding the umpire's decision. (Aa–61).[1] William Beckham, writing for the president of Local 980 in a letter dated December 4, 1978, advised Taylor's counsel that on submitting the case to the arbitrator the "Union . . . [went] its last mile, and there would be no further action . . . taken on the matter

---

**1.** After informing Taylor of the UAW/Ford Retirement Board's decision, the international representative, Lew Caulford, then wrote to the umpire asking for clarification of the award. The letter from Caulford to the umpire reads in part:

Mr. Vic Onufrieff stated in the hearing that Ford Motor Company would agree to give

Mr. Taylor his pension rights and benefits. It is my understanding that Mr. Onufrieff has alledged [sic] that he never made that statement and that is a complete untruth.

As a man of his word and a representative of Ford Motor Company, I request that Mr. Onufrieff grant your decision in PDH–216. (Aa–62)2.

within the Union." (Aa–64). It also advised Taylor's counsel that the internal union procedures did not allow an attorney to represent a member in this type of proceeding. (Aa–63).

Taylor pursued the claim by filing an appeal with the Public Review Board of the International Union, UAW, on January 11, 1979, (Aa–66), charging that Local 980 did not properly represent and protect his interests and rights. The Public Review Board issued an order of remand on June 14, 1979. In October and again in December of the following year, 1980, the Board asked appellant's counsel to respond to the union's position on the grievance. In the interim month, November 1980, Taylor filed suit in the United States District Court under Section 301(a) of the LMRA.[2] He named Ford and Local 980 as defendants. He alleged that Ford violated the contract by failing to notify him of the classification vacancy. He alleged that Local 980 breached its duty of fair representation and also violated the collective bargaining agreement by failing to notify him of that same vacancy. (Aa–12–13).

Ford moved for summary judgment. The district court dismissed Ford from the lawsuit, relying on *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). The court found that the appropriate statute of limitations applicable to an employer in an action to vacate, confirm or modify an arbitration award was the ninety-day period found in N.J.Stat.Ann. 2A:24–7. Taylor's action against the union remained. The trial judge ruled that the limitations period began to run from the date of the breach which was "no later than December 4, 1978 ... [a]t this point it was clear that the union was not going to do anything about [enforcing the award]." (Aa–123). The district court held that Taylor's action against the union was barred also by the ninety-day limitations period.

On appeal, Taylor argues that the ninety-day statute of limitations found in the arbitration statute is not applicable in an action to confirm an arbitration award. He argues for a distinction between an action to vacate an arbitration award and an action to enforce an arbitration award. Taylor argues that unlike the cause of action that a losing party brings to vacate an arbitration award, the cause of action that a prevailing party brings to enforce an arbitration award is a contractual one that is governed by the state's six-year statute of limitations. Taylor therefore seeks to enforce that favorable award by moving for court confirmation of the award.

## II.

█ To determine whether a union member's § 301 claim is time-barred a federal court must look to the appropriate state statute of limitations. *International Union, United Automobile, Aerospace & Agricultural Implement Workers of America (UAW), AFL–CIO v. Hoosier Cardival Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); *United Parcel Service, Inc. v. Mitchell,* 451 U.S. at 60, 101 S.Ct. at 1562. There are two separate New Jersey statutes which arguably authorize appellant to confirm his arbitration award. One is N.J.Stat.Ann. 2A:24–7, court confirmation of arbitration awards. The other is N.J. Stat.Ann. 2A:14–1, the limitations statute for contract claims.

N.J.Stat.Ann. 2A:24–7[3] outlines the procedure for court confirmation of an arbitra-

---

**2.** Section 301(a), 29 U.S.C. § 185, authorizing suits by and against labor organizations, reads:

(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

**3.** N.J.Stat.Ann. 2A:24–7, entitled application for confirmation, vacation or modification of award, reads in its entirety:

The award must be in writing and acknowledged or proved in like manner as a deed for the conveyance of real estate and delivered to one of the parties or his attorney.

tion award. To apply for court confirmation, an arbitration award must be in writing and verified. A party to the arbitration proceeding may initiate the confirmation process within ninety days of the delivery date. The parties may extend that time period by a written agreement. The court will not grant summary confirmation of an arbitration award if the opposing party contends that the award should be vacated, modified, or corrected.

N.J.Stat.Ann. 2A:14–1[4] prescribes the limitations period applicable to actions for breach of contract. A party loses his right to relief for breach of a contract if the lawsuit is not commenced within six years of the accrual of the action.

An action to confirm an arbitration award is a summary action. New Jersey Rule of Civil Practice (R.) 4:67 is the state's procedural rule for court confirmation of *any* claim which can be resolved in a summary manner. Thus, an action for confirmation of an arbitration award under either N.J.Stat.Ann. 2A:24–7 or 2A:14–1 is made pursuant to R. 4:67–1(a) and R. 4:67–2(a). Subsection 1(a) of R. 4:67, outlining the rule's applicability, provides that summary action is appropriate whenever the court is allowed by rule or by statute to proceed in a summary manner.[5] Rule 67 can be invoked also to provide for a summary remedy of enforcement whenever it appears that there is no genuine issue of material fact. Subsection 1(b) of Rule 67 makes summary action appropriate to *any* Superior or county court actions with the exception of matrimonial actions or those which involve unliquidated monetary damages. In these actions, the likelihood that the action can be resolved summarily must be apparent to the court and to the other party.[6]

■ In order to proceed under R. 4:67–1(b), a party must make a motion to proceed summarily under 4:67–2(b)[7] to convert

A party to the arbitration may, within 3 months after the award is delivered to him, unless the parties shall extend the time in writing, commence a summary action in the court aforesaid for the confirmation of the award or for its vacation, modification or correction. Such confirmation shall be granted unless the award is vacated, modified or corrected.

4. N.J.Stat.Ann. 2A:14–1 addresses the limitations period for various civil actions. It provides:

2A:14–1. 6 years. Every action at law for ... recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchant and merchant, their factors, agents and servants, shall be commenced within 6 years next after the cause of any such action shall have accrued.

5. R. 4:67–1(a) gives the rule's applicability:

This rule is applicable (a) to all actions in which the court is permitted by rule or by statute to proceed in a summary manner, other than actions for the recovery of penalties.

R. 4:67–2(a) details the manner of enforcement of R. 4:67–1(a):

(a) Order to Show Cause. If the action is brought in a summary manner pursuant to R. 4:67–1(a), the complaint, verified by affidavit made pursuant to R. 1:6–6, may be presented to the court ex parte, except that if the action is pending in the Law Division of the Superior Court or a county court, it shall be presented to the Assignment Judge or to such other judge as he designates. The court, if satisfied with the sufficiency of the application, shall order the defendant to show cause why final judgment should not be rendered for the relief sought. The order shall be so framed as to notify the defendant fully of the terms of the judgment sought, and subject to the provisions of R. 4:52, it may embody such interim restraint and other appropriate intermediate relief as may be necessary to prevent immediate and irreparable damage.

6. R. 4:67–1(b) applies:

(b) to all other actions in the Superior Court or a county court other than matrimonial actions and actions in which unliquidated monetary damages are sought, provided it appears to the court, on motion made pursuant to R. 1:6–3 and on notice to the other parties to the action not in default, that it is likely that the matter may be completely disposed of in a summary manner.

7. R. 4:67–2(b) reads:

(b) Motion for Order to Proceed Summarily. Actions referred to in R. 4:67–1(b) shall be commenced, and proceedings taken therein, as in other actions, except as herein provided. The notice of motion to proceed summarily shall be supported by affidavits made pursuant to R. 1:6–6 and, if addressed to the defendant, may be served with the summons

a plenary action into a summary action. The defendant must be given notice of the conversion and an opportunity to respond to the motion. The court reviews the sufficiency of the motion to determine if summary remedy is appropriate. The rule directs the court to order a summary action if the matter can be disposed of completely on the record or if the testimony is minimal.

## III.

The claim that a union member brings against the union in a Section 301 lawsuit is substantively distinguishable from the one that an employee brings against the employer. Section 301 joins the two claims procedurally in an effort to create federal court jurisdiction over both causes of action. 29 U.S.C. § 185. Taylor characterized his Section 301 claim against the employer as a breach of the collective bargaining agreement; the claim against the union was for breach of the duty of fair representation, in violation of the collective bargaining agreement. Taylor is seeking to enforce the award under New Jersey's six-year limitations period for bringing a cause of action for breach of a contractual claim, thus allowing him to have the award enforced under a procedural rule providing for summary action.

When the breach of a contractual claim is based upon an agreement to arbitrate, the cause of action does not accrue until the plaintiff requests arbitration and the defendant refuses to comply. *Mitchell v. Alfred Hofmann, Inc.,* 48 N.J.Super. 396, 137 A.2d 569 (1959). In the instant case, the right to recall was a bargained for interest. Both Ford and Local 980 overlooked Taylor's availability when a vacancy

occurred. It is the union, however, to whom Taylor looked to protect his recall interest. The union provided the arbitration process procedure as a means for a member to resolve a grievance over such an interest. After a union member exhausts the union's procedure for dispute resolution through arbitration, it is reasonable for that member to expect the union to follow the necessary steps to conclude the dispute. When the union failed to do so, the cause of action for breach of contract accrued and the limitations commenced to run. Even if we find that that breach took place on or before December 4, 1978, as did the trial judge, Taylor initiated his cause of action well within the six year period.

The lower court resolved this dispute against the union for failure to enforce a favorable arbitration award in a fashion that limited relief to the applicability of N.J.Stat.Ann. 2A:24–7. (Aa–114–129). To invoke this statute *ab initio,* one must decide the relevance of *United Parcel Service, Inc. v. Mitchell, supra;* this was the issue on which the trial judge focused. There were three challenges as to the relevance of *United Parcel.* First, *United Parcel* involved an action to vacate an arbitration award; this is an action to confirm an arbitration award. Second, *United Parcel* involved an action against an employer; this is an action against a union. Finally, *United Parcel.* was decided subsequent to the Ford umpire's decision and there is the issue of its retroactivity. As intriguing as these three issues are, we need not decide them because there is another statutory provision available to the appellant which is separate and apart from N.J.Stat.Ann. 2A:24–7.[8] In light of the contractual limi-

and complaint; but it shall not be returnable until after the expiration of the time within which the defendant is required to answer the complaint. If the court is satisfied that the matter may be completely disposed of on the record (which may be supplemented by interrogatories, depositions and demands for admissions) or on minimal testimony in open court, it shall, by order, fix a short date for the trial of the action, which shall proceed in accordance with R. 4:67–5, insofar as applicable.

8. The trial judge resolved this case based on *United Parcel Service, Inc. v. Mitchell, supra.* That case held that a ninety-day statute of limitations for actions to vacate an arbitration award is applicable in a section 301 suit brought against an employer by an employee. *United Parcel* left open the question of the appropriate limitations period in a Section 301 lawsuit that an employee brings against the union for the vacation of an award. We are aware that the Supreme Court has granted certiorari in *Flowers v. Local 2602 of U.S. Steel-*

tations period and the procedural rule for summary enforcement, the issue before us is not the applicability of *United Parcel;* rather, it is whether the New Jersey statute of limitations for contracts enables Taylor to enforce the arbitration award by a procedural rule of summary action.

It is undisputed that Local 980 failed to confirm the arbitration award within ninety days. The district court found that the union's failure, in effect, forfeited Taylor's right to summary confirmation under 2A:24–7. Therefore, the substantive question that we are asked to resolve is whether a party whose contractual claim has resulted in a favorable arbitration award may enforce the award under R.4:67–2(b), which provides for a summary enforcement whenever a court can resolve a matter on the record, when he has lost the right to summary confirmation of that award but has not exceeded the limitations period for bringing the cause of action under 2A:14–1.

### IV.

A recent New Jersey case held that failure to timely confirm an arbitration award under 2A:24–7 was not a bar to a prevailing party's right to enforce an arbitration award under R. 4:67–2(b). In *Heffner v. Jacobson,* 185 N.J.Super. 524, 449 A.2d 1334 (Ch.Div.1982), an arbitration award in favor of the prevailing party was enforced although the defendant had delayed beyond the running of the ninety-day statute. Jacobson purchased Heffner's accounting practice. A provision in the contract was a covenant not to compete. Heffner sued Jacobson for breach of that contract provision. Jacobson sought arbitration to resolve the dispute. Jacobson won a favorable award in December 1980. In March 1981 Heffner moved to vacate the award. The motion was denied, but the award in Jacobson's behalf had not been confirmed.

Jacobson, after nearly eighteen months, moved for confirmation of the award. The court found that the party, by delaying beyond the ninety-day statutory confirmation period had lost the right to enforcement under 2A:24–7 and R. 4:67–1(a) and 4:67–2(a). Jacobson was, however, allowed to enforce the award due to the six-year contractual limitations period by filing a motion under R. 4:67–2(b) to proceed summarily.

The *Heffner* court distinguished the rights of a losing party in arbitration who might move to vacate an award more than three months after the award was delivered from the rights of a prevailing party in arbitration who might delay beyond the three month statutory period to move for confirmation of the award. 185 N.J.Super. at 527, 449 A.2d 1334. The court found that the arbitration statute which prescribes a three-month limitation period does not override summary enforcement of arbitration awards under R. 4:67–2(b). It interpreted the language in 2A:24–7 as permissive and not mandatory, thus leaving summary action enforcement as an available remedy. *Id.* at 528, 449 A.2d 1334. Thus, what the court determined was significant in the *Heffner* case was that in an action to confirm an arbitration award, as opposed to one to vacate, the longer state statute of limitations is applicable rather than the shorter one.

We think that this decision of the chancery division of the New Jersey Superior Court, in the absence of any indication to the contrary, is a strong indicator of the way that the New Jersey Supreme Court would resolve this issue. We therefore follow the decision of the *Heffner* court. We find that in New Jersey, even when an action for the confirmation of an arbitration award is filed after ninety days, the ninety-day limitations period in the arbitration statute will not bar the confirmation of

---

*workers of America,* 671 F.2d 87 (2d Cir.1981), *cert. granted,* —— U.S. ——, 103 S.Ct. 442, 74 L.Ed.2d 599 and *DelCostello v. International Brotherhood of Teamsters,* 679 F.2d 879 (4th Cir.1982), *cert. granted,* —— U.S. ——, 103 S.Ct. 442, 74 L.Ed.2d 599. Both of these cases raise the issue of the applicable statute of limi-

tations in suits in which a duty of fair representation claim has been filed against the union and a separate related cause of action has been filed against the company. We need not reach this issue, however, because the appellant is entitled to judgment on a summary remedy.

an arbitrator's award under the procedural rule of summary enforcement. Summary action is appropriate in this case because the underlying dispute has been resolved in arbitration. The elements of the summary action rule have been satisfied here. There is a record that chronicles the arbitration proceedings which includes the umpire's decision in favor of Taylor, Taylor's seeking a clarification of that award, and Taylor's filing of an appeal with the proper body when he failed to receive that clarification. Thus, the record shows that the union's internal procedures did not protect Taylor's interests in having the award confirmed. R. 4:67–2(b) provides for that confirmation and will protect his interests.

We hold, therefore, that a prevailing party in an arbitration proceeding who has not confirmed an award within the statutory limitations period under N.J.Stat.Ann. 2A:24–7 has not lost the right to enforce that award given the six year limitations period for contractual claims found in N.J. Stat.Ann. 2A:14–1.

### V.

We will vacate the order of the district court granting summary judgment in favor of the union and remand the case for further proceedings consistent with this opinion.