**SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL UNION 150, Plaintiff-Appellant,**

v.

**AIR SYSTEMS ENGINEERING, INC., a Washington corporation, Defendant-Appellee.**

No. 86–3756.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 1987.

Decided Nov. 9, 1987.

F.G. Enslow and Marion G. Milosevich, Tacoma, Wash., for plaintiff-appellant.

Judd H. Lees, Bellevue, Wash., for defendant-appellee.

Before FARRIS, ALARCON and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

Local Union 150 of the Sheet Metal Workers International Association (Union) appeals the summary judgment in favor of Air Systems Engineering, Inc. (Air Systems) of the Union's action under section 301 of the Labor Management Relations Act (§ 301), 29 U.S.C. § 185, to enforce an ex parte arbitration award. The district court, analogizing this action to one under section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b) (§ 10(b)), ruled the Union's action barred by a six-month statute of limitations.

## FACTS

On May 21, 1984, after Air Systems and the Union reached an impasse in negotiations over a new labor agreement, Air Systems unilaterally implemented its "last and final" offer. The Union filed an unfair labor practices claim with the National Labor Relations Board (NLRB) against Air Systems for imposing the offer without using the arbitration procedure of Article X § 8 of the Collective Bargaining Agreement. The NLRB refused to issue a Complaint because interest arbitration[1] is not a mandatory subject of bargaining, and therefore Air Systems did not engage in an unfair labor practice. The Union submitted the dispute to an arbitrator, the National Joint Adjustment Board (NJAB).[2] Air Systems refused to participate in the arbitration, alleging the NJAB had no jurisdiction. On June 20, 1984, after an ex parte hearing, the NJAB decided that the parties

would be bound for two years by a standard form union agreement. The Union sued for enforcement of the award in district court seven months later on January 21, 1985. The employer filed an unfair labor practice charge with the NLRB on March 15, 1985 charging the Union with wrongfully seeking to enforce the arbitration award. The NLRB found that the Union did not commit an unfair labor practice by filing a lawsuit to compel enforcement of the standard form bargaining agreement awarded by the NJAB. However, the Board determined that the Union's attempt to enforce the standard form's interest arbitration and grievance procedure was an unfair labor practice. The Union signed a settlement agreement with the NLRB not to seek enforcement of the interest arbitration and grievance procedures.

## DISCUSSION

I. Waiver

The Union argues that Air Systems waived the statute of limitations defense to the Union's action to enforce the arbitration award because Air Systems failed to file a suit to vacate the award. Whether a defense to an arbitration award is waived by the failure to timely file an action to vacate is a question of law, which we review de novo. *Harbeson v. Parke Davis, Inc.*, 746 F.2d 517, 520 (9th Cir.1984) (waiver of affirmative defenses under Fed.R. Civ.P. 8(c) is a question of law).

"[A]n unsuccessful party at arbitration who did not move to vacate the award within the prescribed time may not subsequently raise, as affirmative defenses in a suit to enforce the award, contentions that it could have raised in a timely petition to vacate the award." *Brotherhood of Teamsters Local 70 v. Celotex Corp.*, 708

---

1. Interest arbitration clauses provide for arbitration of new collective bargaining agreements. *Sheet Metal Workers' Int'l Local 252 v. Standard Sheet Metal*, 699 F.2d 481, 482 n. 1 (9th Cir. 1983).

2. The NLRB determined that the Collective Bargaining Agreement was effective during the negotiations until the parties reached an impasse on May 15, 1984. Precisely when the Union submitted the dispute to arbitration, and whether it followed correct procedures in doing so, are disputed facts.

F.2d 488, 490 (9th Cir.1983); *see also Sheet Metal Workers' Int'l, Local 252 v. Standard Sheet Metal Inc.*, 699 F.2d 481, 483 (9th Cir.1983). The statute of limitations on an arbitration award enforcement action can only be raised as a defense to an enforcement action that has not been timely filed. A plaintiff cannot claim the defendant's failure to timely file an enforcement action in a suit to vacate an arbitration award. The cases cited by the Union are inapposite. *See, e.g., Chauffeurs Local 135 v. Jefferson Trucking Co.*, 628 F.2d 1023, 1025 (7th Cir.1980) (in a *timely-filed* suit to enforce an arbitration award, defendant waived contentions it could have raised had it timely sued to vacate) (cited with approval in *Sheet Metal Workers*, 699 F.2d at 483), *cert. denied*, 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981). By asserting the statute of limitations as an affirmative defense, Air Systems preserved its right to raise the defense. Fed.R.Civ.P. 8(c).

## II. Appropriate Statute of Limitations Period

A ruling on the appropriate statute of limitations is a question of law, which we review de novo. *In re Swine Flu Prods. Liab. Litig.*, 764 F.2d 637, 638 (9th Cir. 1985).

Air Systems argues that the six-month statute of limitations of § 10(b) for bringing an unfair labor practice charge before the NLRB [3] applies to an action to enforce an arbitration award under § 301. The Union argues that the one-year Washington state statute of limitations governing confirmation of an arbitration award should apply. Wash.Rev.Code § 7.04.150 (1961 and Supp.1987). The district court applied a six-month statute of limitations. The appropriate statute of limitations for enforcement of § 301 arbitration awards is open to question following the decision in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

There is no federal statute of limitations directly applicable to § 301. In such situations, courts usually borrow the most closely analogous statute of limitations under state law. *DelCostello*, 462 U.S. at 158, 103 S.Ct. at 2287. In *DelCostello*, however, the Supreme Court refused to apply state statutes of limitations to an employee's "hybrid" suit against his employer to vacate an unfavorable arbitration award for breach of a collective-bargaining agreement, and against his union for breach of its duty of fair representation. The Court concluded that the hybrid claim "has no close analogy in ordinary state law." *DelCostello*, 462 U.S. at 165, 103 S.Ct. at 2291. It decided that the typically short state statutes of limitations for vacation of commercial arbitration awards (most states require filing within ninety days, *id.* at 166, n. 15, 103 S.Ct. at 2291 n. 15) were not suitable for unsophisticated and ill-prepared employees suing employers, *id.* at 165–66, 103 S.Ct. at 2291, and that the relatively long state statutes of limitations governing legal malpractice actions were not appropriate for the employee's action against the union because these limitations periods would preclude the relatively rapid final resolution of labor disputes favored under federal law. *Id.* at 168, 103 S.Ct. at 2292.

The Court noted that drawbacks in state statutes of limitations "might have to be tolerated if state law were the only source reasonably available for borrowing, as it often is." *Id.* at 169, 103 S.Ct. at 2293. It held, however, that more analogous than any of the state-law parallels was § 10(b)'s six-month limitation period for making charges of unfair labor practices. A duty of fair representation claim is implied under the NLRA, *id.* at 164, 103 S.Ct. at 2290, and the claim against the employer is "inextricably interdependent" with the duty of fair representation claim, *id.* at 164–65, 103 S.Ct. at 2290–91. Hence, the employee's allegations in *DelCostello* resembled unfair

---

**3.** 29 U.S.C. § 160(b):

*Provided,* That no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made.

labor practices claims under the NLRA. It applied the six-month period to both elements of the hybrid action because the elements of the actions were so similar that the same limitation should apply to each.

■ The Union contends that Washington's one-year statute of limitations for confirmation of arbitration awards is closely analogous to an action to enforce an arbitration award under § 301. Wash.Rev. Code Ann. § 7.04.150 (1961 & Supp.1987). Air Systems argues that the Washington statute is not analogous because it contains an exclusion for labor arbitration. Wash. Rev.Code Ann. § 7.04.010.[4] The latter argument is without merit. The exclusion is not mandatory; parties to collective bargaining agreements can opt to use the procedures of the Washington arbitration act. *Greyhound Corp. v. Division 1384 of Amalgamated Ass'n of Street Employees,* 44 Wash.2d 808, 271 P.2d 689, 692 (1954). The act does not lose force as an analogy because of the exclusion. *See Local 1020 of the United Bhd. of Carpenters v. FMC Corp.,* 658 F.2d 1285, 1289–90 (9th Cir. 1981) [hereinafter *Local 1020 I*] (Oregon statute of limitations for vacating arbitration award used as a guide in § 301 action even though Oregon statute contains a general exclusion for collective bargaining contracts). Finally, in deciding litigation under collective bargaining agreements, we have previously borrowed the statutes of limitations from Washington's arbitration statute. *See, e.g., International Longshoremen's Union, Local 32 v. Pacific Maritime Ass'n,* 773 F.2d 1012, 1019 (9th Cir.1985) (Washington arbitration law's three-month period to vacate arbitration award applies in labor dispute), *cert. denied,* —— U.S. ——, 106 S.Ct. 2277, 90 L.Ed.2d 720 (1986); *Scoggins v. Boeing,*

*Inc.,* 742 F.2d 1225, 1229 (9th Cir.1984) (same).

■ *DelCostello* emphasized that its holding "should not be taken as a departure from prior practice in borrowing [state] limitations periods for federal causes of action, in labor law or elsewhere." *DelCostello,* 462 U.S. at 171, 103 S.Ct. at 2294. Further, "state law remains the norm for borrowing of limitations periods." *Id.* The Washington one-year statute of limitations is not in conflict with the policies underlying federal labor law. Public policy favors enforcement of arbitration awards because they promote the quick and final resolution of labor disputes. *Sheet Metal Workers,* 699 F.2d at 481. After the issuance of an arbitration award there is generally little uncertainty about the status of the dispute. Thus, actions by the Union or employer to challenge arbitration awards have shorter limitation periods than § 10(b)'s six-month period. *United Bhd. of Carpenters,* 724 F.2d at 817 (post-*DelCostello* Ninth Circuit case applying twenty-day state statute of limitations period for non-hybrid actions to vacate arbitration awards). The finality of private settlements is undermined by actions at law to vacate, but promoted by the actions to enforce compliance. Therefore, actions to enforce have been accorded great dignity in the form of long limitations periods.[5]

We note that the United States Arbitration Act (USAA) likewise provides a one-year period for confirmation of an arbitration award. 9 U.S.C. § 9. Although we recognize that uniformity provides a compelling argument for applying the USAA rather than a state statute of limitations, we have previously declined to do so. *See San Diego County Dist. Council of Carpenters v. Cory,* 685 F.2d 1137, 1140–42

---

**4.** Washington Revised Code Annotated section 7.04.010 states in relevant part:

The provisions of this chapter shall not apply to any arbitration agreement between employers and employees or between employers and associations of employees, and as to any such agreement the parties thereto may provide for any method and procedure for the settlement of ... controversies, and such procedure shall be valid, enforceable and irrevocable....

**5.** *See, e.g.,* United States Arbitration Act (USAA), 9 U.S.C. § 9 (one year); Cal.Civ.Code § 1288 (West 1982) (four years); Ariz.Rev.Stat.Ann. § 12–1511 (1982) (no limit); Idaho Code § 7–911 (1979) (no limit); Nev.Rev.Stat. § 38.135 (1985) (one year); Mont.Code Ann. § 27–5–311 (1985) (no limit); Alaska Stat. § 09.43.110 (1983) (no limit); Haw.Rev.Stat. § 658–8 (1985) (one year).

(9th Cir.1982) (decision to create a uniform federal limitations period is for Congress, not the courts, and limitation period of state statute similar to that in USAA, so no convincing reason why state statute should not apply); *see also Local 1020 I,* 658 F.2d at 1290–92 (9th Cir.1981) (applying state statute rather than USAA to action to vacate arbitration award), *cited with approval in a post-DelCostello case, Local 1020 of the United Bhd. of Carpenters v. FMC Corp.,* 724 F.2d 815, 818 (9th Cir.1984) [hereinafter *Local 1020 II*]. *DelCostello* does not undermine the analysis in *Cory* and *Local 1020 I.* We regard the federal interests represented by the USAA in establishing procedures for adjudicating commercial arbitration awards as sufficiently similar to the interests in this case that we are justified in applying the same limitations period expressed in the Washington statute. *See Service Employees Int'l Union, Local 36 v. Office Center Servs.,* 670 F.2d 404, 406 n. 6 (3d Cir.1982) (USAA, as an expression of federal policy, may be used as guide in determining appropriateness of state statute of limitations). Therefore, as the state statute of limitations is compatible with federal labor policy, it is appropriate under the *DelCostello* analysis.

Three circuits have addressed the statute of limitations question for arbitration award enforcement actions under § 301 since *DelCostello.* In *Derwin v. General Dynamics Corp.,* 719 F.2d 484 (1st Cir. 1983), the court looked at the Massachusetts arbitration act, which applies no limitation period for enforcement. The court decided that the federal policy to encourage private settlements would be undermined by application of § 10(b)'s strict limitations period, after which the award would be unenforceable. It concluded that "relatively lengthy period[s] for actions to confirm do[ ] not threaten the finality of arbitral awards" and so there is no basis for departing from the ordinary presumption favoring application of state statutes of limitations. *Id.* at 490. The court also worried that a short limitations period would encourage wasteful litigation by parties seeking to confirm an award in the absence of a current dispute, in order to preserve arbitrated rights. *Id.* at 492.

In the other two cases, employees brought hybrid actions against their employers to enforce an arbitration award, and against their unions for breach of their duty of fair representation for failing to enforce the award. Both courts reasoned that the duty of fair representation claim made the action a hybrid one, clearly within the rationale of *DelCostello,* and brought the action within the limitations period of § 10(b) under the *DelCostello* analysis. *See Samples v. Ryder Truck Lines, Inc.,* 755 F.2d 881 (11th Cir.1985); *Taylor v. Ford Motor Co.,* 761 F.2d 931 (3d Cir.1985), *cert. denied,* 474 U.S. 1081, 106 S.Ct. 849, 88 L.Ed.2d 890 (1986). The enforcement action in this case is a straightforward § 301 action that includes no duty of fair representation claim and has no parallel in *DelCostello.*

Air Systems argues that the facts in this case closely resemble an action to compel arbitration and therefore is subject to § 10(b)'s six-month limitation period. *See Teamsters Local 315 v. Great W. Chem. Co.,* 781 F.2d 764 (9th Cir.1986) (post-*DelCostello* case applying § 10(b)'s limitation period to an action to compel arbitration). In *Teamsters Local 315,* we noted that when a labor management contract provides for the remedy of arbitration it is important for labor policy reasons that the remedy be promptly invoked. *Id.* at 766. Thus, we decided that California's four-year statute of limitations for breach of a written contract was not analogous to an action to compel arbitration because it was inappropriate to "fulfill the federal goal of rapid resolution of labor disputes." *Id.* at 767; *see also McCreedy,* 809 F.2d at 1237 (6th Cir.1987) (to delay occurrence of arbitration by applying multi-year statute of limitations to action to compel arbitration would defeat purpose of labor law, to speedily resolve disputes by means chosen by parties). We also decided that the California statutes of limitations for confirmation or vacation of arbitration awards did not offer reasonable periods for an action to compel arbitration for the first time. *Teamsters Local 315,* 781 F.2d at 767–68.

On the other hand, we observed that § 10(b) provides a more appropriate analogy than the state statutes. Therefore, we ruled that under *DelCostello's* analysis, § 10(b)'s limitation period is more suitable for an action to compel arbitration. *Id.* at 768.

Air System's theory is that its refusal to arbitrate, and the ex parte status of the award, converts the Union's action from a straightforward action to enforce an arbitration award to one that is really an action to compel arbitration. Air Systems concedes that a six-month limitations period may not be appropriate or desirable in all enforcement actions. But it contends that the ex parte nature of the award makes a difference. However, we have already held that where a negotiated contract allows submittal of disputes to an arbitrator on an ex parte basis the resultant award is treated no differently from an award where both parties participated. *See Sheet Metal Workers*, 699 F.2d 481, 482-83 (party opposing ex parte interest arbitration award must timely move to vacate the award or lose defenses).

The Union is not seeking to compel arbitration, but to enforce an award already made. The Union was not required under the contract to seek external judicial remedies to compel arbitration when Air Systems refused to arbitrate. Ex parte arbitration was sanctioned by the parties as part of the dispute resolution process. Therefore, a six-month statute of limitations appropriate to prevent delay in the occurrence of arbitration is irrelevant to the policies implicated when the arbitration has already occurred. A party opposing an arbitration award must ordinarily move to vacate the award or be barred from further legal action. *Id.* Air Systems purports to challenge the award, but did not move to vacate it. Once an award has been made, the dispute is treated as though it is resolved, unless rapidly challenged. We see no reason to treat enforcement actions of non-challenged ex parte arbitration awards as though they are analogous to suits to compel arbitration rather than analogous to suits to confirm or enforce an arbitration award.

## CONCLUSION

The Washington state statute of limitations applies to a straightforward action by a union to confirm an ex parte arbitration award. The decision of the district court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.