Keith CLIPPER, Plaintiff,

v.

Anthony M. FRANK; American Postal Workers Union, AFL–CIO; and Montgomery County American Postal Workers Union, Defendants.

Civ. A. No. 88–2463.

United States District Court,
District of Columbia.

Jan. 9, 1989.

T. Clarence Harper, Washington, D.C., for plaintiff.

Patricia D. Carter, Asst. U.S. Atty., Susan Catler, Washington, D.C., for defendants.

## ORDER

REVERCOMB, District Judge.

This suit involves claims against the Postmaster General of the U.S. Postal Service for an alleged breach of a collective bargaining agreement between the Postal Service and the defendant union organizations. Plaintiff, who was fired from his job, also is suing defendant union organizations for breach of duty of fair representation. Defendants have each made motions. The Court grants plaintiff's motion for leave to file an amended complaint, denies defendant Frank's motion to dismiss, denies defendant American Postal Workers Union's motion to dismiss, grants defendant Montgomery County Local's motion to dismiss, and grants the motions of defendant labor organizations to strike plaintiff's demand for punitive damages.

Plaintiff was terminated as an employee of the Postal Service as of September 19, 1986. Plaintiff's local union steward filed on behalf of plaintiff a "Step 1" grievance, which was heard on October 1, 1986. This grievance was denied on October 10, 1986. Neither plaintiff nor the union has taken any additional action, such as filing a "Step 2" grievance. Plaintiff filed this suit on August 31, 1988.

## I. Defendant Frank's Motion to Dismiss and Plaintiff's Motion for Leave to Amend the Complaint

█ It is settled that an employee covered by a collective bargaining agreement may maintain a suit against his employer for breach of that agreement only if the plaintiff first establishes that the union breached its duty of fair representation to him. *See, e.g., Hines v. Anchor Motor Freight*, 424 U.S. 554, 96 S.Ct. 1048, 47

L.Ed.2d 231 (1976). Moreover, such a suit must be filed within six months of the date on which the employee's cause of action accrues. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The action accrues when the employee first becomes, or should have become, aware of the union's breach of the duty of fair representation, such as when the union unequivocally refuses to assist him. *Taylor v. Ford Motor Co.*, 761 F.2d 931, 934 (3d Cir.1985). Therefore, because this case was filed on August 31, 1988, plaintiff's cause of action must not have accrued before February 31, 1988.

Defendant Frank argues that because the local union failed to represent plaintiff after October 1, 1986, including failing to file a timely "Step 2" appeal by the end of October, 1986, plaintiff's cause of action accrued at that time. Because plaintiff did not file his suit until 1988, he concludes, his claim is time-barred.

Plaintiff responded however, by arguing that the union misrepresented to him that it was pursuing his grievance. Indeed, plaintiff claims that because of these misrepresentations he did not know until after the suit was filed that the union had taken *no* additional action on his behalf. Plaintiff then filed a motion for leave to file and amended complaint. The proposed amended complaint includes the allegation that the union misrepresented its actions to plaintiff and that he did not become aware that the union was failing to provide fair representation until March, 1988, after he hired a lawyer.

Finally, defendant Frank replied by arguing that plaintiff's claim still must be barred, because "it is not only unreasonable but incredible for plaintiff to contend that he believed the union was still processing his grievance ... and did not have much activity to report." Defendant Frank's Reply at 3.

█ A court considering a motion to dismiss must accept as true the factual assertions of the plaintiff. *Samuels v. District of Columbia*, 770 F.2d 184, 192 (D.C.Cir.

1985). The Court may dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Accepting as true the facts as submitted in the amended complaint—for which leave to file should granted freely when justice requires, Federal Rule of Civil Procedure 15(a)—the Court concludes that plaintiff may conceivably maintain his cause of action if he indeed was affirmatively misled by the union as to their actions with regard to his grievance. Accordingly, the Court must deny defendant Frank's motion to dismiss.

■ Viewing the motion under the summary judgment standard, the Court likewise believes that defendant Frank has not met his burden under Federal Rule of Civil Procedure 56 of providing sufficient documentation to show that plaintiff should have known before March 1988 of his cause of action against the union. The facts concerning what was told to plaintiff, and therefore what he should have known, is still sketchy, at best. Accordingly, the Court must deny the motion for summary judgment.

## II. *The Union Organizations' Motions to Dismiss*

Defendant American Postal Workers Union, AFL–CIO ("APWU") has moved to dismiss for lack of jurisdiction due to insufficient service of process. Plaintiff's process server went to the offices of the APWU and asked to see Mr. Owen Barnett, an official of the APWU. Mr. Barnett's secretary, Ms. Kathy Michelle Craft, said that Mr. Barnett was not in the office. Ms. Craft was shown the complaint and summons and responded by saying that she was authorized to accept the documents for Mr. Barnett, at which point Ms. Craft was served with the complaint and summons.

Service on a labor organization must be made on a "an officer or agent" of the organization. 39 U.S.C. § 1208(e). Because Ms. Craft is not an officer of the APWU and she is not authorized to accept service of process on its behalf, the APWU argues, the organization has not been properly served. Indeed, a federal court has ruled that service on a secretary of an officer of a union is insufficient. *Wham v. National Post Office Mailhandlers Division*, 99 L.R.R.M. 2980 (D.S.C.1978).

■ The Court believes, however, that the instant case differs sufficiently from the *Wham* case to justify a different outcome. In *Wham*, the secretary indicated to the process server that she was not authorized to receive service on behalf of the union. *Wham*, 99 L.R.R.M. at 2981. In the instant case plaintiff contends, and defendant does not dispute, that Ms. Craft looked at the complaint and summons and stated that she was authorized to accept them, before the process server served her with these documents. Considering this situation, the Court concludes that Ms. Craft, an employee of the APWU, constructively represented that she was authorized to accept service for the APWU, pursuant to 39 U.S.C. § 1208(e). Plaintiff should not be penalized for the purportedly inaccurate representation by one of defendant APWU's employees. Moreover, it appears that Mr. Barnett, who the APWU states *is* authorized to accept service, did receive the complaint and summons. Accordingly, the Court concludes that service was sufficient under a reasonable interpretation of 39 U.S.C. § 1208(e).

■ The Court also concludes that it lacks jurisdiction over defendant Montgomery County Area Local. Although suits against postal unions are governed by 39 U.S.C. § 1208, the body of law as developed under § 301 of the Taft–Hartley Act, 29 U.S.C. § 185, which is nearly identical to the postal union provision, has been held to apply to postal unions. *See, e.g., Wham,* 99 L.R.R.M. at 2983. A suit against a labor organization may be brought in any district court "having jurisdiction of the parties." 39 U.S.C. § 1208(b). A court has "jurisdiction" over a labor organization if the organization either has its either principal offices in or engages officers or other agents to represent or act for members in the district. 39 U.S.C. § 1208(d). Defend-

ant Local has its principal offices and all its officers and agents in Montgomery County, Maryland, not the District of Columbia. Thus, this Court does not have "jurisdiction" over the Local, even if it does have jurisdiction over the APWU.

### III. Motions to Strike Demand for Punitive Damages

■ Finally, defendant labor organizations have moved to strike plaintiff's demand for punitive damages against them. It is clear that punitive damages "may not be assessed against a union that breached its duty of fair representation by failing properly to pursue a grievance." *International Brotherhood of Electrical Workers v. Foust,* 442 U.S. 42, 51–52, 99 S.Ct. 2121, 2128, 60 L.Ed.2d 698 (1979). Accordingly, defendants' motions are granted.

### IV. Orders

Accordingly, this 9 day of January, 1989, it is

ORDERED that plaintiff's motion for leave to file an amended complaint is GRANTED and the amended complaint is to be deemed filed as of the date of the motion; it is further

ORDERED that defendant Frank's motion to dismiss or, in the alternative summary judgment, is DENIED; it is further

ORDERED that defendant APWU's motion is dismiss is DENIED; it is further

ORDERED that defendant Local's motion to dismiss is GRANTED and the claims against the Local are DISMISSED; and it is further

ORDERED that defendant labor organizations' motions to strike plaintiff's demand for punitive damages against them are GRANTED.