**Steven D. SIMON, Plaintiff-Appellant,**

v.

**KROGER COMPANY, General Teamsters Local 528, Defendants-Appellees.**

**No. 84–8168**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Oct. 15, 1984.

Rehearing and Rehearing En Banc Denied Dec. 6, 1984.

Eugene Novy, Penelope W. Rumsey, Atlanta, Ga., for plaintiff-appellant.

Jefferson D. Kirby, III, Atlanta, Ga., for Kroger.

Frank B. Shuster, Decatur, Ga., for Local 528.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

In this breach of contract/breach of duty of fair representation case, we review the district court's orders granting appellees, Kroger Company and General Teamsters Local 528, motions for summary judgment. We affirm.

## Facts

From September 6, 1978, through February 18, 1982, appellant, Steven D. Simon, was employed by appellee, The Kroger Company (Kroger), and was a member of appellee, General Teamsters Local 528 (Union or Local 528). On February 18, 1982, Kroger terminated Simon. The Union processed this grievance and a final hearing was held on May 25, 1982. The grievance, however, was not certified to arbitration. The Union notified Simon of this decision on July 6, 1982.

On January 3, 1983, Simon filed his complaint in the United States District Court for the Northern District of Georgia, alleging (1) that Kroger had breached its collective bargaining agreement by discharging him, and (2) that the Union had violated its duty of fair representation by failing to represent him properly in connection with his grievance.

On January 12, 1983, more than six months after Simon had been notified of the denial of his grievance, he served a copy of his complaint on Kroger. On January 25, 1983, he served a copy of the complaint on Local 528. The district court granted Kroger's motion for summary judgment. In doing so, the court first noted that the motion was "unopposed" because Simon had not filed a brief in opposition within the twenty-day time period provided for in Local Rule 91.2. Second, the court ruled that the complaint, although filed within six months of the accrual of the cause of action, was barred by the

six-month statute of limitations because it was not served within that time period.

Local 528 filed a motion for summary judgment on the ground that the cause of action was barred by the six-month statute of limitations. The district court granted Local 528's motion for summary judgment holding that the cause of action was time barred because the complaint was not served within the six-month statute of limitations. This appeal ensued.

### Issues

On appeal, we must determine: (1) whether the district court properly granted appellees' motions for summary judgment on the ground that Simon failed to make timely service of the complaint under section 10(b) of the National Labor Relations Act, 29 U.S.C.A. § 160(b) (West 1973); and (2) whether the district court erred in granting Kroger's motion for summary judgment on the secondary ground that the motion was "unopposed" because Simon failed to file a timely response as required by Local Rule 91.2.

### Discussion

#### A. Statute of Limitation

Appellant, Simon, contends that the district court erred as a matter of law in granting appellees' motions for summary judgment on the ground that Simon's complaint was time barred because it was not *served* within the six-month period set forth in 29 U.S.C.A. § 160(b) (West 1973). Recently, the Supreme Court in *Del Costello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), held that the six-month statute of limitations under section 10(b) of the National Labor Relations Act, 29 U.S.C.A. § 160(b) (Act), controls a hybrid breach of contract/duty of fair representation claim.

■ In this hybrid action, we must determine whether the six-month limitations period articulated in 29 U.S.C.A. § 160(b) and espoused by the Court in *Del Costello* mandates that a timely complaint be both filed and served within the relevant six-month period. The district court's conclusions of law rendered by means of summary judgment are subject to the same standard of review as any question of law raised on appeal. *Morrison v. Washington County, AL.,* 700 F.2d 678, 682 (11th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 195, 78 L.Ed.2d 171 (1984).

■ Section 10(b) of the National Labor Relations Act, 29 U.S.C.A. § 160(b), provides, in pertinent part:

That no complaint shall issue based upon any unfair labor practice occurring more than *six months* prior to the *filing* of the charge with the Board *and* the *service of a copy thereof upon the person against whom such charge is made,* unless the person aggrieved thereby was prevented from filing such charge by reason of service in the armed forces, in which event the six-month period shall be computed from the day of his discharge. [Emphasis added.]

Both parties agree that section 10(b) of the Act governs this hybrid breach of contract/duty of fair representation case. Additionally, it is undisputed that the complaints in question were filed but not served within the applicable six-month period. We find that the intent, spirit, and plain language of section 10(b) require that a complaint be both filed and served within the six-month limitations period. Accordingly, we hold that the district court correctly concluded that Simon's complaint, served outside of the six-month limitations period, was time barred under 29 U.S.C.A. § 160(b).

#### B. Local Court Rule 91.2

■ Local Court Rule 91.2 provides that a response to a motion for summary judgment must be filed within twenty days and that "failure to file a response shall indicate that there is no opposition to the motion." The district court held that Kroger was entitled to summary judgment on the secondary ground that Simon failed to respond to Kroger's motion for summary judgment until almost three months after a response was required under Local Court Rule 91.2. Simon, although filing an un-

timely response, did not seek an extension of time or leave to file his response late. The district court, therefore, concluded that Kroger's motion for summary judgment was "unopposed," within the meaning of Local Court Rule 91.2. Finding no opposition to Kroger's motion, the court granted the motion.

We hold that the district court properly applied Local Court Rule 91.2 and the six-month statute of limitations articulated in section 10(b) of the National Labor Relations Act, 29 U.S.C.A. § 160(b). Finding no error, the judgment of the district court is affirmed.

AFFIRMED.

Tjoflat, Circuit Judge, filed dissenting opinion.