**Fred James DUNLAP,
Plaintiff-Appellant,**

v.

**LOCKHEED–GEORGIA COMPANY, Aeronautical Machinists Local 709 of the International Association of Machinists and Aerospace Workers, Defendants-Appellees.**

No. 84–8329.

United States Court of Appeals, Eleventh Circuit.

March 28, 1985.

Penelope W. Rumsey, Atlanta, Ga., for plaintiff-appellant.

Thomas H. Christopher, J.R. Goldthwaite, Jr., Atlanta, Ga., for Lockheed-Georgia Co.

Before RONEY and HENDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

The district court granted defendants' motion for summary judgment in this labor action because plaintiff's complaint was not both filed and served within the applicable six-month statute of limitations contained in Section 10(b) of the National Labor Relations Act, 29 U.S.C.A. § 160(b). Plaintiff appeals. We affirm.

Plaintiff was laid off by Lockheed on August 15, 1972. His seniority rights with Lockheed were to expire under the pertinent collective bargaining agreements if he was not recalled within 48 months of the date he was laid off. Plaintiff was rehired in June of 1981. Discovering that some employees with less seniority than he had retained their seniority rights, plaintiff filed a grievance on June 17, 1981. A second grievance was filed in July. The Union decided not to prosecute his grievance on August 20, 1981. Lockheed agreed on the same date, and because neither his union nor his employer agreed to prosecute, plaintiff's case was not taken to arbitration.

While plaintiff did not receive formal written notice of the Union's decision until September 10, 1981, the record indicates he knew of the Union's final decision shortly after it was made on August 20, and before the written confirmation of September 10. Plaintiff filed this action on March 9, 1982. Lockheed was served on March 16, 1982. The Union was served on March 29, 1982.

Our decision in this case is controlled by *Howard v. Lockheed-Georgia Co.*, 742 F.2d 612 (11th Cir.1984), and *Simon v. Kroger Co.*, 743 F.2d 1544 (11th Cir.1984). Both of these cases, on facts substantially the same

as those here, held that the applicable limitation statute requires both the filing *and* service of the complaint within six months of the cause of action's accrual. *Del Costello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), held the following six-month statute controls a hybrid breach of contract/duty of fair representation claim, the type of claim at issue here:

> [N]o complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made. . . .

29 U.S.C.A. § 160(b).

Even if plaintiff's claim did not expire until March 9, 1982, it is undisputed that neither the Union nor the company was served within the limitations period. Lockheed was not served until March 16, the Union March 29. The district court's decision to grant defendants' motion for summary judgment was correct.

AFFIRMED.