**Tommy Lee WILLIAMS, Plaintiff-Appellant, Cross-Appellee,**

v.

**GREYHOUND LINES, INC., Defendant-Appellee, Cross-Appellant,**

**Amalgamated Transit Union AFL–CIO, CLC, Division 1493, Defendant-Appellee.**

No. 84–7232.

United States Court of Appeals, Eleventh Circuit.

March 29, 1985.

---

**4.** *See supra* note 2.

E. Ray Large, Hub B. Harrington, Birmingham, Ala., Curtis L. Mack, Clifford H. Nelson, Jr., Atlanta, Ga., for defendant-appellee, cross-appellant.

Before RONEY and HILL, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

Tommy Lee Williams appeals from the dismissal on motions for summary judgment by the defendants, Greyhound Lines, and Local 1493, Amalgamated Transit Union, AFL–CIO, CLC Division, of his § 301 action, 29 U.S.C. § 185, *et seq.* Finding that the statute of limitations applicable to such a hybrid action was, under the Supreme Court's decision in *Del Costello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the six month statute of limitations set out in 29 U.S.C. § 160(b), the trial court entered an order which stated: "After due consideration thereof [motions for summary judgment], the court is of the opinion that each of said motions is due to be granted, among other matters, upon the grounds of the statute of limitations."

Because we affirm the district court's judgment, for the failure of appellant to comply with the six months statute, it would be unnecessary to discuss the appeal further but for the fact that appellee, Greyhound, has appealed from the trial court's denial of its motion for sanctions under Rule 11, Fed.R.Civ.P.[1]

Dealing first with the disposition by the trial court of the motions for summary judgment, we note that the defendants presented several grounds as a basis for their motions for summary judgment. These included their contention that the petitioner made no response to the defendant's motions for summary judgment, and the only evidence with respect to the petitioner's right to withstand the summary judgment failed to raise any substantial issue of fact. It also included the contention by defendants that the petitioner's charge of improper conduct by the Local in handling his grievance must necessarily fail because the record disclosed without

---

1. Rule 11. *Signing of Pleadings, Motions, and Other Papers; Sanctions.*

Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated.... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this Rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

dispute that petitioner had obtained precisely what he had grieved for. Another ground asserted by the defendants as a basis for summary dismissal was the contention that petitioner had failed to follow the labor contract requiring exhaustion of remedies within the grievance procedure.

We need not consider the merits of these arguments, although both defendants cross-appealed from the failure of the trial court to grant relief to them based on each of these contentions.[2] We need not consider them because it is clear that the trial court correctly entered the summary judgments on the basis of the statute of limitations issue.

As stated above, the Supreme Court in *Del Costello* held that the six month limitation period in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) applies to hybrid actions such as the one before us. That section provides: "No complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the board *and the service of a copy thereof upon the person against whom such charge is made.*" (Emphasis added.)

This Court has now held in three cases that in adopting the six months statutory period, the Court also adopted the requirements that the portion of the quoted § 10(b) must also be complied with. Both filing and service of a complaint under § 301 must be accomplished within a period of six months from the "unfair labor practice" complained of. *Howard v. Lockheed Georgia Co.*, 742 F.2d 612 (11th Cir.1984); *Simon v. Kroger Co.*, 743 F.2d 1544 (11th Cir.1984); *Dunlap v. Lockheed Georgia Co.*, 755 F.2d 1543 (11th Cir.1985).

The record discloses in this case that, taking appellant's theory as to when the time began to run as the time when he received notice of the action of the arbitrators, on March 6, 1983, it is clear that the suit was filed in the district court on September 2, 1983, but was not served on the parties until September 13 and September 18 respectively. Thus, the service was not completed within the six months period.

The trial court was therefore correct in dismissing the complaint on the basis of the defendant's plea of the statute of limitations.

Dealing with the cross-appeal of the Greyhound Lines, which is the only cross-appeal now before us, we note two things. The first is that unless the trial court had actually disposed of the motion for sanctions under Rule 11, this Court would not now have appellate jurisdiction, since the trial court's judgment would not have been a final judgment. However, we consider that the trial court's order was a final judgment and thus appealable because the motion which cross-appellants filed requested relief in the alternative. This relief was in the form of a motion to the trial court "to dismiss or in the alternative, motion for sanctions." This motion asserted no basis for the motion to dismiss. However, defendant had already filed its motion for summary judgment which, if granted, would result in a dismissal of the action by the trial court. When the trial court entered its order dismissing the action against Greyhound, it of course did not need to proceed to consider the motion which the movant had expressly stated was made in the alternative. Thus, there was not any motion pending before the court after it entered the order to dismiss based on the motion for summary judgment. In sum, defendant Greyhound Lines, got exactly what it asked for when the trial court entered an order dismissing the action against it.

The judgments are AFFIRMED on the appeal and cross-appeal.

---

**2.** The cross-appeal of the Union has been dismissed because it was not filed within the time prescribed by Rule 4(a)(3), Fed.R.App.P. 4(a)(3).