**Thomas WEST, Appellant,**

v.

**CONRAIL, a Foreign Corporation; Brotherhood of Maintenance of Way Employees, Local No. 2906, a Foreign Corporation; New Jersey Transit, A Corporation of the State of New Jersey; and Anthony Vincent.**

No. 85–5129.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Dec. 6, 1985.

Decided Dec. 31, 1985.

contention that her claims actually arose in

November 1978.

Louis B. Youmans, Allen K. Mukaida, Trenton, N.J., for appellant.

Irwin I. Kimmelman, Atty. Gen. N.J., Robert H. Stoloff, Deputy Atty. Gen., Newark, N.J., for appellee New Jersey Transit Corp.

Lucy S.L. Amerman, Consol. Rail Corp., Philadelphia, Pa., for appellee Consol. Rail Corp.

J. Charles Sheak, Brener, Wallack & Hill, Princeton, N.J., William Birney, Highsaw & Mahoney, Washington, D.C., Louis P. Malone, III, Gen. Counsel, Brotherhood of Maintenance of Way Employees, Washington, D.C., for appellee Brotherhood of Maintenance of Way Employees.

Before ADAMS, GIBBONS, and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

STAPLETON, Circuit Judge.

Appellant filed a complaint with the District Court on September 24, 1984, alleging a hybrid breach of contract/breach of the duty of fair representation claim against his employer-railroad, his union, and a union representative. The parties agree, for purposes of this appeal, that the appellant's cause of action accrued on March 25, 1984. Appellant thus filed his complaint within six months of the accrual of his cause of action. Appellant, however, failed to mail his complaint to the defendants until October 11, 1984.

In *Sisco v. Conrail,* 732 F.2d 1188 (3d Cir.1984), we held that the six-month statute of limitations period of Section 10(b) of the National Labor Relations Act applied to a claim of unfair representation brought under the Railway Labor Act, 45 U.S.C. §§ 151–188 (1976). We there followed *Del-Costello v. Intl. Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), which applied the limitations period of 10(b) to hybrid section 301/fair representation actions. The parties agree that 10(b) governs this complaint. They disagree, however, on whether service of process must occur within six months of the accrual of the cause of action or whether filing the complaint tolls the limitations period. The court below determined that both filing and service of process must be completed within six months, and consequently granted defendants' motions for summary judgment. We affirm.

Section 10(b) provides: "No complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the board *and the service of a copy thereof upon the person against whom such charge is made"* (emphasis supplied). Thus, under 10(b) the filing of the complaint with the National Labor Relations Board does not toll the limitations period. Instead, a copy of the charge must also be served on the defendants within the limitations period; service may be accomplished simply by mailing the copy. *See* 29 C.F.R. § 102.113(a) (1984). In contrast, the general rule for a federal suit is that the

action is commenced, and the statute of limitations tolled, upon the filing of the complaint. See, *e.g., Hobson v. Wilson,* 737 F.2d 1, 44 (CADC 1984); Fed.Rule Civ.Proc. 3; 2 J. Moore & J. Lucas, Moore's Federal Practice ¶ 3.07[4.–3–2] (1984). While the time for service of process is not open-ended, see Fed.Rules

Civ.Proc. 4(a), 4(j), it need not occur within the limitations period.

*Simon v. Kroger Co.,* —— U.S. ——, 105 S.Ct. 2155, 85 L.Ed.2d 511 (1985) (White, J., dissenting from denial of *cert.*).

A majority of the courts that have addressed the question here presented have, like the court below, found that where the six month limitations period of 10(b) governs, the tolling provision of that section also applies. *See Williams v. Greyhound Lines, Inc.,* 756 F.2d 818 (11th Cir.1985); *Dunlap v. Lockheed Georgia Co.,* 755 F.2d 1543 (11th Cir.1985); *Simon v. Kroger Co.,* 743 F.2d 1544, *reh'g denied,* 749 F.2d 733 (11th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2155, 85 L.Ed.2d 511 (1985); *Howard v. Lockheed Georgia Co.,* 742 F.2d 612 (11th Cir.1984); *Ellenbogen v. Rider Maintenance Corp.,* 621 F. Supp. 324 (RLC), slip op. (S.D.N.Y.1985); *Waldron v. Motor Coils Manufacturing Co.,* 606 F.Supp. 658 (W.D.Penn.1985); *Thompson v. Ralston Purina Co.,* 599 F.Supp. 756 (W.D.Mich. 1984); *Hoffman v. United Markets, Inc.,* 117 L.R.R.M. 3229 (N.D.Cal.1984). *But see Simon v. Kroger Co.,* —— U.S. ——, 105 S.Ct. 2155, 85 L.Ed.2d 511 (1985) (White, J., dissenting from denial of *cert.*); *Thomsen v. United Parcel Service,* 608 F.Supp. 1244 (S.D.Iowa 1985); *LaTondress v. Local No. 7, I.B.T.,* 102 F.R.D. 295 (W.D.Mich.1984); *Williams v. E.I. Dupont de Nemours Co.,* 581 F.Supp. 791 (M.D.Tenn.1983).

In *Sisco* we found that 10(b) "represents Congress' evaluation of the appropriate balance of interests between the need for prompt resolution of disputes on the one hand, and the interest in assuring adequate representation of employees on the other." *Sisco,* 732 F.2d 1188, 1193. Similarly, in *DelCostello* the Supreme Court stated:

At least as important as the similarity of the rights asserted in the two contexts, however, is the close similarity of the considerations relevant to the choice of a limitations period. As Justice Stewart observed in (*United Parcel Service, Inc. v. Mitchell*):

"In § 10(b) of the NLRA, Congress established a limitations period attuned to what it viewed as the proper balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective-bargaining system. That is precisely the balance at issue in this case … '[t]he need for uniformity' among procedures followed for similar claims … as well as the clear congressional indication of the proper balance between the interests at stake, counsels for adoption of § 10(b) of the NLRA as the appropriate limitations period for lawsuits such as this." (451 U.S. at 70–71, 101 S.Ct. at 1567–68) (footnote omitted).

*DelCostello,* 462 U.S. at 170–71, 103 S.Ct. at 2293–94 (quoting *Mitchell,* 451 U.S. 56, 70–71, 101 S.Ct. 1559, 1567–68, 67 L.Ed.2d 732 (1981) (Stewart, J., concurring)).

The balance struck by Congress and recognized in *DelCostello* is reflected in the language of 10(b), which unambiguously requires both filing *and* service of process within six months of the accrual of the cause of action. We are reluctant to upset that balance by grafting Fed.Rule Civ.Proc. 4(j) onto 10(b), particularly since doing so would increase the time limit for initiation of the dispute resolution process from six to ten months, a substantial addition.

While it is true, as Judge Gibbons notes, that the complaint in an unfair labor practice proceeding is filed by the General Counsel after an investigation of the employee's charge, it is the filing and service of the charge that notifies the employer of the charge and initiates the dispute resolution process in such a proceeding. The filing and service of the complaint performs the same function in a hybrid labor suit like the one before us. Section 10(b) promotes the prompt resolution of labor disputes by requiring an early initiation of the dispute resolution process and *DelCostello* teaches that this policy should be implemented in hybrid labor suits as well. That policy is best served by borrowing the

service requirement, as well as the filing requirement, of Section 10(b).

■■■ The final order of the district court will be affirmed.*

GIBBONS, Circuit Judge, dissenting:

Thomas West appeals from an order dismissing his suit against his employer and union, alleging that the employer had breached the collective-bargaining agreement and that the union had breached its duty of fair representation. The district court dismissed because service of process had not been completed before the running of the applicable statute of limitations.

Both breaches were claimed to be violations of the Railway Labor Act, 45 U.S.C. §§ 151–188 (1982). In *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court held that the applicable statute of limitations for such hybrid suits under the National Labor Relations Act, 29 U.S.C. §§ 151–169 (1982), was the six-month limitation found in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1982). As Judge Stapleton notes, this court, following the reasoning of *DelCostello*, has applied section 10(b)'s six-month limitation period to hybrid Railway Labor Act cases. *See Sisco v. Consolidated Rail Corp.*, 732 F.2d 1188, 1193 (3d Cir.1984). The issue presented on this appeal is whether section 10(b)'s additional requirement that service of process be completed within the six-month period is also applicable to a hybrid breach of contract/breach of fair representation suit brought in federal district court.

The pertinent facts of this case are not in dispute. Thomas West, the plaintiff, was fired by Consolidated Rail Corporation on November 27, 1981, after four bottles of beer were discovered in a truck that West had been riding in. West disclaimed knowledge of the alcoholic beverages and requested his union, the Brotherhood of Maintenance of Way Employes, to appeal his grievance. For the next twenty-eight months the union gave West a variety of excuses for not processing his appeal. Finally, on March 25, 1984 West discovered that the union official responsible for his appeal was not pursuing the matter, and that there was little chance that his grievance appeal would be acted on. West, therefore, filed suit against his employer and union in the United States District Court for the District of New Jersey. Although the suit was filed within six months of West's alleged discovery of the inaction by his union (September 24, 1984), copies of the complaints and summonses were not mailed until October 10, 1984, and the various defendants did not receive those documents until sometime between October 12th and October 22nd. Holding that at best the six-month limitations period expired on September 25, 1984, the district court concluded that section 10(b) of the National Labor Relations Act required both filing and service within six months, and it dismissed the complaint as time-barred.

Hybrid claims for breach of contract/breach of duty of fair representation are federal causes of action. *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 561–64, 96 S.Ct. 1048, 1054–56, 47 L.Ed.2d 231 (1976). While breach of contract claims against employers are expressly provided for in the Labor Management Relations Act, 29 U.S.C. § 185 (1982), breach of duty of fair representation claims against unions are implied from the Railway Labor Act and the National Labor Relations Act. *See Steele v. Louisville & Nashville Railroad*, 323 U.S. 192, 202, 65 S.Ct. 226, 232, 89 L.Ed. 173 (1944); *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). Because there is no federal statute of limitations expressly applicable to such suits, the Supreme Court "borrowed" the six-month period of section 10(b) of the National Labor Relations Act as the closest analogous time bar. *See DelCostello*, 462 U.S. at 158, 103 S.Ct. at 2287. In making such a "borrowing" the question arises

---

* Appellant also contends that application of the tolling provision denies him equal protection of the law. We are unpersuaded.

whether the Court intended to borrow just the period itself or the period along with its requirement of filing and service.

The district court, relying on two decisions by the Court of Appeals for the Eleventh Circuit, *see Simon v. Kroger Co.*, 743 F.2d 1544 (11th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 2155, 85 L.Ed.2d 511 (1985); *Howard v. Lockheed-Georgia Co.*, 742 F.2d 612 (11th Cir.1984), and a decision by a district court in California, *see Hoffman v. United Market, Inc.*, 117 LRRM 3229 (N.D.Cal.1984), concluded that the *DelCostello* Court had adopted both the section 10(b) six-month period and its filing and service requirements. *See West v. Conrail*, No. 84–3925 (D.N.J. Feb. 4, 1985) (opinion read into transcript), *reprinted in* Joint Appendix at 16, 22. Neither the district court nor the decisions it and the majority rely upon, however, analyzed the question further than to make this assumption of complete adoption.[1] *See West*, No. 84–3925, reprinted *in* Joint Appendix at 22–23; *Simon*, 743 F.2d at 1546; *Howard*, 742 F.2d at 614; *Hoffman*, 117 LRRM at 3230.

Section 10(b) of the National Labor Relations Act establishes the procedural mechanism for instituting and prosecuting an unfair labor practice complaint before the National Labor Relations Board. 29 U.S.C. § 160(b). Under this section, an aggrieved person may initiate a charge with the Board, *see* 29 C.F.R. § 102.9 (1985), but only the Board's General Counsel, after investigation, is empowered to issue and prosecute a complaint. *See* 29 U.S.C. § 153(d) (1982). When first enacted in 1935, the National Labor Relations Act contained no time period within which a charge had to be filed. *See* National Labor Relations Act, ch. 372, 49 Stat. 449, 453–54. Consequently, long delays between the alleged unfair labor practice and filing of the charge were allowed. *See Phelps Dodge Corp. v. NLRB*, 113 F.2d 202, 206 (2d Cir.

1940), *modified on other grounds*, 313 U.S. 177, 61 S.Ct. 845, 85 L.Ed. 1271 (1941). With no knowledge of the unfair labor practice the General Counsel could not commence a timely investigation and a charged party would not realize that an investigation might occur. This problem was corrected by the addition of a six-month period for filing charges when the National Labor Relations Act was amended by the Taft-Hartley Act in 1947. *See* National Labor Relations Act, ch. 120, 61 Stat. 136, 146. The six-month limitation, however, applies only to the filing of the charge, not the issuance of the complaint. *See NLRB v. Complas Industries, Inc.*, 714 F.2d 729, 732 (7th Cir.1983); *Proctor & Gamble Manufacturing Co. v. NLRB*, 658 F.2d 968, 985 (4th Cir.1981), *cert. denied*, 459 U.S. 879, 103 S.Ct. 175, 74 L.Ed.2d 144 (1982). Thus section 10(b) is not, technically, a statute of limitations. It does not determine when the government, which alone may prosecute an unfair labor practice charge, may do so. There can still be substantial delay between the filing of the charge and the filing of the complaint because the charge only sets the investigation in motion. *See NLRB v. Fant Milling Co.*, 360 U.S. 301, 307, 79 S.Ct. 1179, 1183, 3 L.Ed.2d 1243 (1959).

The requirement of service within the limitation period is unique to the National Labor Relations Act administrative proceedings where the General Counsel, not the complaining party, decides whether to file and prosecute the actual complaint. No analogous need is present in an action in federal district court. In federal court, Rule 3 in conjunction with Rule 4(a) and (j) of the Rules of Civil Procedure govern this situation, Rule 3 by commencing the action upon filing, and Rule 4 by assuring that the complaint and summons are promptly served upon the defendant. Hence, borrowing a service of process requirement from the administrative process in hybrid

---

1. Defendants-Appellants cite two other cases that have held that *DelCostello* impliedly required both filing and service within the six-month period. *See Dunlap v. Lockheed-Georgia Co.*, 755 F.2d 1543 (11th Cir.1985); *Thompson v.*

*Ralston Purina Co.*, 599 F.Supp. 756 (W.D.Mich. 1984). Both of these cases, however, simply follow the earlier Eleventh Circuit decisions without further analysis. *See Dunlap*, 755 F.2d at 1543–44, *Thompson*, 599 F.Supp. at 758.

breach of contract/breach of duty of fair representation suits is unnecessary.

More than being unnecessary, however, requiring service within the six-month period would create procedural conflicts and uncertainty. Unlike diversity suits,[2] in cases based on federal question jurisdiction, where there is no express statutory limitations period, federal courts have generally used filing pursuant to Rule 3 as the point for ending the running of the borrowed limitations period. *See, e.g., Caldwell v. Martin Marietta Corp.*, 632 F.2d 1184, 1188 (5th Cir.1980) (filing ends the running of a statute of limitations in a section 1983 suit); *Metropolitan Paving Co. v. International Union of Operating Engineers*, 439 F.2d 300, 306 (10th Cir. 1971) (filing ended the limitations period in an action under the Labor Management Relations Act), *cert. denied*, 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58; *Ratcliffe v. Insurance Co. of North America*, 482 F.Supp. 759, 763 (E.D.Pa.1980) (filing ends the limitations period in an Equal Employment Opportunity suit); *see also* 4 C. Wright & A. Miller, Federal Practice and Procedure § 1056 (1969).

There are two arguments for using such an approach in hybrid labor suits. First, it maintains a uniform federal procedure and decreases uncertainty by establishing an easily ascertainable point to measure the ending of the limitations period.[3] There is a strong forum interest in such uniformity. Second, consistent with the Supreme Court's rationale in *DelCostello*, it borrows only what is necessary to fill the gap in federal statutory law. As the *DelCostello* Court explained, "[W]e are applying a statute of limitations to a different cause of action, not because the legislature enacting that limitations provision intended that it apply elsewhere, but because it is the most suitable source for borrowing to fill a gap in federal law." 462 U.S. at 170 n. 21, 103 S.Ct. at 2293 n. 21. While there was a gap as to the length of the limitations period for breach of contract/breach of duty of fair representation suits, there was, and is, no gap as to the procedure for ending the running of the statutory period. Rule 3 serves as the controlling provision.[4] *See Metropolitan Paving Co.*, 439 F.2d at 306; *Williams v. E.I. duPont de Nemours Co.*, 581 F.Supp. 791, 792 (M.D.Tenn.1983).

Consequently, filing pursuant to Rule 3 should be all that is required to end the running of the six-month limitations period applicable to hybrid labor cases. The order appealed from should, therefore, be re-

---

**2.** Although the *Erie* doctrine requires that federal courts apply the state rule for satisfying a statute of limitations period in diversity cases, *see Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–53, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980), the Supreme Court has expressly distinguished and left open "the role of Rule 3 as a tolling provision for a statute of limitations, whether set by federal law or borrowed from state law, if the cause of action is based on federal law." *Id.* at 751 n. 11, 100 S.Ct. at 1985 n. 11. Unlike a diversity suit, there are no potential tenth amendment issues, and we are, therefore, free to examine the reasons arguing against adopting section 10(b)'s service requirement.

**3.** Requiring service of process within the six-month period entails the problem of determining when service was performed. The instant case presents a good example. The complaints and summonses were mailed on October 10, 1984, but the various defendants received them on October 12th, October 15th, October 20th, and October 22nd. Although the National Labor Relations Board has established the time of mailing as the controlling time in unfair labor practice proceedings, *see* 29 C.F.R. § 102.113(a) (1985), using this period in federal court would require additional "borrowing." Moreover, since mailing does not actually notify the defendant, the Board's mailing rule indicates that the real purpose of section 10(b)'s service requirement is to ensure prompt service. In federal courts, this promptness, to the degree deemed necessary, is already ensured by Rule 4(a).

**4.** Significantly, in applying the six-month period of section 10(b) to the two consolidated cases under consideration in *DelCostello*, the Court focused on the time of *filing* and never mentioned the time of service. *See* 462 U.S. at 172, 103 S.Ct. at 2294 ("In No. 81–2408, it is conceded that the suit was *filed* more than 10 months after respondent's cause of action accrued.... The situation is less clear in No. 81–2386. Depending on when the joint committee's decision is thought to have been rendered, the suit was *filed* some seven or eight months afterwards.") (emphasis supplied).

versed and the case remanded for further proceedings.