**Albert J. JACKSON, Jr.**

v.

**The NATIONAL MARITIME UNION OF AMERICA, AFL–CIO.**

**Civ. A. No. 85–3883.**

United States District Court,
E.D. Pennsylvania.

July 25, 1986.

William D. Bubb, Wilmington, Del., for plaintiff.

Ned R. Phillips, New York City, for defendant.

MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

The motion by defendant National Maritime Union of America ("NMU") for summary judgment, pursuant to Fed.R.Civ.P. 56(c), is presently before the court. The defendant claims first, that the plaintiff's case is barred by the applicable statute of limitations and second, that the plaintiff has failed to state a cause of action. I find that the plaintiff is time barred in this matter.

Summary judgment is never warranted except on a clear showing that no genuine issue of any material fact remains for trial.

---

*Suchomajcz v. Hummel Chemical Company*, 524 F.2d 19, 24 (3d Cir.1975). In the instant case, undisputed facts demonstrate that the Memorandum of Understanding which is the subject of the action was negotiated by defendant NMU on December 19, 1984. The plaintiff alleges that he was wrongfully ordered off a vessel pursuant to said agreement on January 7, 1985, and that he received a copy of the agreement on or about January 11, 1985. Thus, the last possible date that the plaintiff can claim his cause of action accrued is January 11, 1985, although it is arguable that the date is January 7, 1985, the date he claims to have been wronged.

The complaint herein was filed on July 3, 1985. The plaintiff's attorney served the complaint by mail upon the defendant on July 16, 1985, some thirteen days after it was filed and more than six months after the last date on which the plaintiff's cause of action could have accrued, i.e., January 11, 1985. Service was not effected until July 22, 1985 and acknowledged July 26, 1985.

■ The United States Supreme Court has established that the statute of limitations applicable to cases arising under 29 U.S.C. § 185 alleging a breach of the duty of fair representation by the Union is six months, based upon Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed. 476 (1983); *Taylor v. Ford Motor Co.*, 761 F.2d 931 (3d Cir. 1985).

The section provides in relevant part, as follows:

*Provided,* That no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made....

In this Circuit the six month limitation period must include service as well as filing of the complaint. Thus, if the complaint is not served within the six month period af-

ter the cause of action accrued, it is time barred. *West v. Conrail*, 780 F.2d 361, 363 (3d Cir.1985); *Waldron v. Motor Coils Mfg.*, 606 F.Supp. 658 (W.D.Pa.1985).

In *West v. Conrail, supra*, the cause of action accrued March 25. The complaint was filed within six months, on September 24, but was not mailed until October 11. After noting that most courts agreed that service must be effected within the six months, the court explained its holding:

The balance struck by Congress and recognized in *DelCostello* is reflected in the language of 10(b), which unambiguously requires both filing *and* service of process within six months of the accrual of the cause of action. We are reluctant to upset that balance by grafting Fed.Rule Civ.Proc. 4(j) onto 10(b), particularly since doing so would increase the time limit for initiation of the dispute resolution process form six to ten months, a substantial addition.

*Id.* at p. 363.

In *Waldron v. Motor Coils Mfg., supra,* plaintiff's cause of action accrued on March 23, 1984. The summons and complaint were timely filed by September 21, 1984. However, he did not attempt to serve the union until September 27, 1984, and service was acknowledged on October 4th. The court held that service was untimely and dismissed the complaint.

■ In opposition to the defendant's motion, the plaintiff argues that it would be inequitable for the court to apply *West* retroactively. The plaintiff claims that *West* was a case of first impression whose result was not clearly foreshadowed, and therefore, should not be retroactively applied to their case. The argument is not persuasive. First, I note that *West* affirmed a retroactive dismissal of the lower court. Both the District and the Circuit Courts were confronted with an accomplished fact: the failure to file and serve within the six month period. In dismissing the complaint, they gave retroactive application to the statute. Second, under the analysis provided by the leading case of

*Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), *West* does not indicate it should be nonretroactive in application.

In deciding that the six month limitation of 10(b) should be applied retroactively, the Third Circuit in *Local Union 1397 United Steelworkers v. United States of America, AFL–CIO,* 748 F.2d 180 (3d Cir.1984) analyzed *Chevron Oil Co. v. Huson,* and rejected the argument that the retroactivity issue was one which could not have been foreshadowed. The court noted:

> Our decision today neither establishes a new principle of law, nor decides an issue which could not have been foreshadowed. Since Justice Stewart's concurring opinion in *United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the principle of adopting federal, rather than state, limitations periods in the area of federal labor law has been openly discussed in the courts, and even adopted by some courts prior to *DelCostello. See, e.g., Hall v. Printing and Graphic Arts Union,* 696 F.2d 494 (7th Cir.1982); *Badon v. General Motors Corp.,* 679 F.2d 93 (6th Cir.1982). Similarly, the importance of uniformity in limitations periods in the area of labor law was a major consideration in the *DelCostello* opinion itself. This desire for uniformity derives not from purely practical concerns, but from the realization that the two major competing policies in this area, stability in collective bargaining and protection of an employee's right to vindicate his rights, exist in practically every facet of labor law.

*Id.* at pp. 184–185.

Thus, the Third Circuit disposed of the foreshadowing issue by noting a number of earlier decisions by other courts which placed parties on notice of the possibility of a limitation period being adopted and applied retroactively. In the instant case, there were a number of decisions to the effect that the six month limitation included filing and service, all decided within sufficient time to put plaintiff on notice that he had to file and serve within six months of the accrual of his cause of action.[1]

The plaintiff emphasizes that the United States Supreme Court has granted a petition for a writ of certiorari in the *West* case. However, this is of little moment. I cannot refrain from applying currently applicable law on the basis of speculation regarding the Supreme Court's views. The application of the statute of limitations is clear. The defendant's motion will be granted.

---

**1.** These are:

> *Hoffman v. United Markets,* 117 LRRM 3229 (N.D.Cal. decided March 29, 1984); *Howard v. Lockheed-Georgia Co.,* 742 F.2d 612 (11th Cir., decided September 24, 1985); *Simon v. Kroger Co.,* 743 F.2d 1544 (11th Cir. decided October 15, 1984); *rehearing & rehearing en banc denied,* 749 F.2d 733 (11th Cir. decided December 6, 1984), *cert. denied,* 471 U.S. 1075, 105 S.Ct.

2155, 85 L.Ed.2d 511 (decided April 29, 1985); *Thompson v. Ralston Purina Co.,* 599 F.Supp. 756 (W.D.Mich. decided December 13, 1984); *Waldron v. Motor Coils Mfg. Co.,* 606 F.Supp. 658 (W.D.Pa. decided April 19, 1985); *Dunlap v. Lockheed-Georgia Co.,* 755 F.2d 1543 (11th Cir. decided March 28, 1985); *Williams v. Greyhound Lines, Inc.,* 756 F.2d 818 (11th Cir. decided March 29, 1985).