**Evaline WALDRON, Plaintiff,**

v.

**MOTOR COILS MANUFACTURING COMPANY, a corporation, and International Union of Electronic, Electrical, Technical, Salaried and Machine Workers, AFL–CIO, a labor organization.**

Civ. A. No. 84–2278.

United States District Court,
W.D. Pennsylvania.

April 19, 1985.

James M. Perich, Pittsburgh, Pa., for plaintiff.

Theodore Goldberg, Sidney Zonn, Pittsburgh, Pa., for defendants.

OPINION

WEBER, District Judge.

Plaintiff's complaint alleges that she was discharged by Defendant employer contrary to a collective bargaining agreement on March 23, 1984. She also alleges that she requested of her union that a grievance be filed on her behalf on the same date under the collective bargaining agreement. The union refused to act. Plaintiff's present complaint alleging a breach of the collective bargaining agreement by the employer and a breach of the union's fiduciary duty was filed with the clerk on September 21, 1984. In accordance with Fed.R.Civ.P. 4(c)(2)(C)(ii), a copy of the complaint and summons were mailed to defendant employer on October 4, 1984 by registered mail, and were received on October 9, 1984.

A copy of the complaint and summons was mailed to Defendant Union at its Washington D.C. headquarters on September 27, 1984, and was acknowledged as

received by an Associate General Counsel on October 4, 1984.

Both defendants have moved for summary judgment with supporting evidentiary materials admissible under Fed.R.Civ.P. 56 to establish the above facts. In addition there has been presented by plaintiff a copy of the collective bargaining agreement showing that an employee-grievant and/or his Steward must file a grievance within five (5) days of the occurrence or five days after the alleged grievance is brought to the attention of the union. A grievance entered after these limits (5 days) will be considered closed.

Defendants rely upon the decision in *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), which held that the statute of limitations to be applied to actions under Section 301 of the LMRA, against both an employer and a union for breach of a collective bargaining agreement and the union's breach of its duty of fair representation, must be brought against both employer and union within six months after the cause of action accrues.

It has been held in a number of cases since *Del Costello* that the requirement of both filing and service within six months applies. *Simon v. Kroger*, 743 F.2d 1544, *reh. den.* 749 F.2d 733, 117 LRRM 2700 (11th Cir.1984); *Howard v. Lockheed-Georgia Co.*, 742 F.2d 612; 101 L.C. 11, 196 (11th Cir.1984); *Hoffman v. United Markets, Inc.*, 117 LRRM 3229 (N.D.Cal.1984).

It is established without contest that the layoff occurred March 23, 1984. She filed her complaint on September 21, 1984, which would have been timely except that process was not served at that time. Time for service of process would expire on September 23, 1984, but the union defendant was not served until October 4, 1984 and the employer-defendant until October 9, 1984.

Even if we allow the five day extension for the filing of a grievance given by the collective bargaining agreement, this would only enlarge the time until September 24, 1984, and neither party was served by this date.

Plaintiff does not contest any of these facts. She alleges that she did not receive the Motion for Summary Judgment until March 14, 1984 and the court had ordered its filing by March 11, 1984; it was therefore untimely. We note that the motion was filed with the Clerk on March 8, 1984 which was within the time ordered by the court.

Plaintiff's brief argues that she made personal service of the complaint on each Defendant on September 24, 1984 and subsequently by certified mail. This is a pure allegation of a brief. It is not evidence that we may consider in a summary judgment motion. There is no record of such service in the file. The uncontested evidence in the record shows that the only proper legal service of the complaint in this action was by certified mail.

Finding no genuine issue of material fact we find that the action is barred by the applicable statute of limitations. An order will be entered granting summary judgment on Defendant's Motion.