**John R. BERTHELOT**

v.

**MARTIN MARIETTA CORPORATION, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local 1921.**

Civ. A. No. 85–4220.

United States District Court, E.D. Louisiana.

March 14, 1986.

Richard A. Swartz, Slidell, La., for plaintiff.

Robert E. Kerrigan, Jr., Barbara Ryniker Evans, T.A., Deutsch, Kerrigan & Stiles, New Orleans, La., for Martin Marietta Corp.

George M. Strickler, Jr., New Orleans, La., and Jay Thomas Youngdahl, Youngdahl, Youngdahl & Wright, Little Rock, Ark., for Intern. Union United Auto., Aerospace and Agricultural Implement Workers of America.

## ORDER & REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on motion of defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the "International") and defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America Local 1921 (the "Local") to dismiss or, in the alternative, for summary judgment. The plaintiff is seeking damages for his alleged wrongful discharge in violation of the applicable collective bargaining agreement and for a breach by his union of its duty of fair representation.[1] Both the In-

1. Such a dual claim is denominated a "hybrid" claim.

ternational and Local seek summary judgment based on the fact that the complaint in this matter was not served within six months of the accrual of the cause of action.[2] Because the plaintiff does not contest defendants' contention that he was aware of the accrual of his cause of action in April 1985, see Plaintiff's Statement of Undisputed Material Facts No. 4, we are presented with the single legal question of whether or not a complaint must be both filed and served within six months of the accrual of the cause of action under the federal common law as defined in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). For the reasons which follow, we find that the six month period does not apply to both filing and serving of the complaint. Accordingly, the motion for summary judgment is DENIED.

Citing "the need for uniformity" and the "clear congressional indication of the proper balance between the interests at stake," *Id.*, 103 S.Ct. at 2294, the Supreme Court referred "to Section 10(b) of the National Labor Relations Act, which establishes a 6-month period for making charges of unfair labor practices to the N.L.R.B." *Id.*, 103 S.Ct. at 2293 [footnote omitted] in determining the applicable limitations period for a hybrid suit. The question, therefore, is whether the reference to Section 10(b) of the National Labor Relations Act adopts that section in whole, or only in part. Although the pertinent portion of Section 10(b) reads "no complaint shall issue based upon any unfair labor practice occurring more than 6 months prior to the filing of the charge with the Board and *the service of a copy thereof* upon the person against

whom such charge is made," 29 U.S.C. § 160(b) [emphasis added], the Supreme Court referred only to the date of filing in the first and second paragraphs of Part III of its opinion,[3] where the Court applies its new rule to the cases before it.

In resolving this conflict, the Eleventh Circuit has held on several occasions that the statute of limitations borrowed from Section 10(b) in a hybrid suit includes not only the requirement that the charge have been filed within the six-month period, but also the requirement that the charge have been served within the six-month period. *Simon v. Kroger*, 743 F.2d 1544 (11th Cir. 1984), *rehrg. denied*, 749 F.2d 733, *cert. denied*, —— U.S. ——, 105 S.Ct. 2155, 85 L.Ed.2d 511 (1985); *see also Dunlap v. Lockheed-Georgia Company*, 755 F.2d 1543 (11th Cir.1985); *Williams v. Greyhound Lines*, 756 F.2d 818 (11th Cir.1985). This interpretation has been followed by district courts in *Waldron v. Motor Coils Manufacturing Company*, 606 F.Supp. 658 (W.D.Pa.1985) and *Hoffman v. United Markets, Inc.*, 117 L.R.R.M. 3229 (N.D.Ca. 1984).

Conversely, three Justices of the United States Supreme Court, in the dissent to denial of *certiorari* in *Simon v. Kroger*, have stated the following:

The lower courts agree that a suit in federal court on a Federal cause of action is commenced, and the statute of limitations tolled, upon the filing of the complaint. *See, e.g., Hobson v. Wilson*, 737 F.2d 1, 44 (C.A.D.C.1984); Fed.Rule Civ.Proc. 3; 2 J. Moore & J. Lucas, Moore's Federal Practice ¶ 3.07 (1984). While the time for service of process is

---

**2.** Since the plaintiff concededly knew or should have known of the accrual of the cause of action in April 1985 and filed his complaint in August 1985, defendants apparently do not contest the fact that the complaint was filed within the applicable statute of limitations period.

**3.** The first two paragraphs of Part III of the Opinion read, in pertinent part:

In No. 81–2408, it is conceded that *the suit was filed* more than ten months after respondents' causes of action accrued.

\*    \*    \*    \*    \*    \*

The situation is less clear in No. 81–2386. Depending on when the joint committee's decision is thought to have been rendered, the suit was filed some seven or eight months afterwards. Petitioner Del Costello contends, however, that certain events operated to toll the running of the statute of limitations until about three months before he *filed suit.*

\*    \*    \*    \*    \*    \*

*DelCostello v. International Brotherhood of Teamsters*, 103 S.Ct. at 2294. [Emphasis added.]

not open ended, *see* Fed.Rule Civ.Proc. 4(a), 4(j), it need not occur within the limitations period. Ordinary federal practice thus conflicts with the specific terms of this borrowed statute of limitations. In light of this inconsistency, the brevity of the limitations period, and the fact that § 10(b) was not intended to apply to judicial proceedings, the result below is obviously not correct. In practical effect, the Eleventh Circuit's ruling shortens the 6-month period by the amount of time necessary to effect service under the Federal Rules. Section 10(b) does not have a similar impact in administrative proceedings, in which service is accomplished merely by placing a copy of the charge in the mail. Compare Fed.Rule Civ.Proc. 4 with 29 C.F.R. § 102.113(a) (1984).

— U.S. —, 105 S.Ct. 2155, 2156, 85 L.Ed.2d 511 (1985). A district court, in *Williams v. E.I. Dupont de Nemours Company,* 581 F.Supp. 791, (N.D.Tenn. 1983), independently reached this same conclusion. In addition, the district court in *Thomsen v. United Parcel Service,* 608 F.Supp. 1244 (S.D.Iowa 1985), relying on the *Simon* dissenters, found that the six month period applied to the filing of the complaint alone.

In determining which of these interpretations is correct, we turn to the text of *DelCostello, supra,* which established the six month limitations period. The Court said, "[W]e are applying a statute of limitations to a different cause of action ... because it is the most suitable source for borrowing to fill a gap in federal law." *Id.,* 103 S.Ct. at 2293 n. 21. The "gap" existed because the duty of fair representation claim was created by judicial interpretations of the National Labor Relations Act, i.e., because it was judicially, rather than legislatively, created. The Section 10(b) limitations period was selected simply because it provides "a closer analogy than available state statutes" to a fair representation claim. *Id.,* 103 S.Ct. at 2294.

We note that 29 U.S.C. § 160(b) was designed for an administrative proceeding. In United States district court, we have Federal Rules of Civil Procedure which "govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81." Rule 1, F.R.Civ.P. Pursuant to Rule 3, "[a] civil action is commenced by filing a complaint with the court." Rule 3, F.R.Civ.P. Rule 4(a) provides "[U]pon filing of the complaint[,] the clerk shall forthwith issue a summons and deliver the summons to the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons and a copy of the complaint." Rule 4(a), F.R.Civ.P. Additionally, such service must have been made upon a defendant "within 120 days after the filing of the complaint" pursuant to Rule 4(j). Rule 4(j), F.R.Civ.P. Absent a showing of good cause, the Court may, upon motion or *sua sponte,* dismiss the action. *Id.*[4]

A deviation from the general rule as set forth in Rules 3 and 4 would disturb the uniformity among suits in federal court. As indicated by Section 10(b), the filing of a charge with the National Labor Relations Board only begins an investigative and mediation process and does not result in the immediate filing of a complaint by the National Labor Relations Board. Accordingly, the filing of a charge with the agency is not the equivalent of a filing of a complaint.[5]

4. Therefore, there is, under the Federal Rules, a definite limit to the amount of time that may elapse between the filing of a complaint, which tolls the statute, and the service of the complaint on the defendant.

5. Specifically, we note the special relationship of the National Labor Relations Board to the industrial relations environment and the parties to an employer-employee and employee-union dispute. *See, e.g., Garner v. Teamsters, Local 776,* 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228 (1953); *Weber v. Anheuser-Busch, Inc.,* 348 U.S. 468, 75 S.Ct. 480, 99 L.Ed. 546 (1955) (both discussing the role of the N.L.R.B. as a Congressionally favored tribunal in industrial relations disputes), *cf., generally,* Morris, *The Developing Labor Law,* Vol. II, Chapter 32 (1983) (discussing the functions and purposes of the N.L.R.B.).

In light of the foregoing, this Court concludes that the service requirement contained in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), is not applicable to a judicial action presenting a § 301—fair representations claim. The parties having conceded that the plaintiff filed his complaint within six months of his knowledge of the accrual of the cause of action, we determine that plaintiff commenced his action within the six month statute of limitations. See Rule 3, F.R. Civ.P. Consequently, the motion for summary judgment is denied.

This Court is of the opinion that this order, denying defendants' motion to dismiss, or in the alternative for summary judgment, involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).